IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEEQUANE A. MCGOWAN,

                Plaintiff,

v.

NURSE PRACTITIONER SANDRA MCARDLE,

                Defendant.

OPINION and ORDER

19-cv-978-jdp

---

    Pro se prisoner and plaintiff LeeQuane McGowan filed this action under 42 U.S.C. § 1983, contending that Nurse Practitioner Sandra McArdle at Wisconsin Secure Program Facility (WSPF) failed to provide adequate care for his sickle cell condition. Before the court is McGowan's motion to compel McArdle to provide answers to interrogatories that McGowan served on McArdle in April. Dkt. 27. In particular, McGowan states that McArdle has not provided complete responses to the following seven interrogatories:

- When an inmate is prescribed non-effective medication for a serious medical condition, aren't you supposed to adequately treat the condition with effective medications?

- What are your duties as a nurse practitioner?

- What medication is considered to be effective for mild, moderate, and severe pain due to having sickle cell?

- What documentation did you receive from McGowan complaining that ibuprofen and regular Tylenol was not working?

- What is the standard duty of care you are supposed to provide when an inmate has sickle cell?

- How many times did McGowan submit health service requests complaining that he was in severe pain due to his sickle cell?
- Were you informed that prior to McGowan coming to WSPF, he was incarcerated at GBCI and he received the proper treatment by getting prescribed effective medications?

McArdle has responded, arguing that McGowan's motion to compel should be denied for three reasons: (1) McGowan failed to confer with McArdle's counsel before filing his motion to compel; (2) some of McGowan's interrogatories are overbroad, ambiguous, or call for legal conclusions that McArdle cannot provide; (3) McGowan has responded evasively to discovery requests from McArdle.

I will grant McGowan's motion. As for McArdle's first argument, this court expects parties to try to work out discovery requests among themselves if possible. Pre. Conf. Ord., Dkt. 20, at 10. But now that the dispute is before me, it is clear that McArdle has objections to McGowan's interrogatories that likely could not have been resolved without court intervention. But in the future, McGowan should contact McArdle's counsel about discovery disputes before seeking court assistance.

McArdle's second argument is undeveloped and not persuasive. The interrogatories identified by McGowan are relevant to McGowan's claims, and McArdle can answer them, at least in part. McArdle should be able to respond to McGowan's questions about her job duties, McGowan's complaints to health services, and her knowledge about McGowan's prior treatment at a previous prison. McArdle also should be able to provide some information about standard or common treatments for sickle cell pain, to the extent that standard or common treatments exist. If the treatment depends on the severity of the case, which seems likely,

McArdle can say so. McArdle also can provide information about factors that might affect treatment or medication decisions, assuming that such information is within McArdle's personal knowledge. McArdle does not need to provide legal conclusions or opinions to McGowan, but a blanket objection to the interrogatories identified above is not appropriate.

As for McArdle's third argument, McArdle can file her own motion to compel if she thinks that McGowan has failed to cooperate with discovery. But McGowan's alleged failure to respond completely to discovery requests is not a valid reason for this court to deny McGowan's motion.

ORDER

IT IS ORDERED that plaintiff LeeQuane McGowan's motion to compel, Dkt. 27, is GRANTED. Defendant Sandra McArdle may have until August 7, 2020, to file complete responses to McGowan's interrogatories as set forth above.

Entered July 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge