IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEEQUANE A. MCGOWAN,

                Plaintiff,

v.

NURSE PRACTITIONER SANDRA MCARDLE,

                Defendant.

ORDER

19-cv-978-jdp

---

    In a previous order, I granted a motion to compel filed by pro se prisoner and plaintiff LeeQuane McGowan. Dkt. 30. I agreed with McGowan that defendant Sandra McArdle had failed to provide adequate answers to McGowan's interrogatories, and I directed McArdle to supplement her discovery responses. McArdle filed her supplemental responses on the docket, Dkt. 33-1, but McGowan remains dissatisfied with McArdle's responses. McGowan has filed two motions seeking to compel additional information from McArdle. Dkt. 34 and Dkt. 35. I will deny both motions for the reasons below.

ANALYSIS

    In the first motion, McGowan states that McArdle still has not provided complete responses to the following interrogatories:

1. When an inmate is prescribed non-effective medication for a serious medical condition, aren't you supposed to adequately treat the condition with effective medications?

5. What documentation did you receive from McGowan complaining that ibuprofen and regular Tylenol was not working?

6. What is the standard duty of care you are supposed to provide when an inmate has sickle cell?

7. How many times did McGowan submit health service requests complaining that he was in severe pain due to his sickle cell?

9. Were you informed that prior to McGowan coming to WSPF, he was incarcerated at GBCI and he received the proper treatment by getting prescribed effective medications?

In his second motion, McGowan seeks to compel McArdle to produce documents relating to the treatment of his sick cell condition at Wisconsin Secure Program Facility and local hospitals. He also seeks "all documents, manuals, policies, and procedures including those used in training a nurse practitioner in how to respond to an inmate's serious medical needs."

I will deny McGowan's motions for several reasons. First, McGowan did not consult with McArdle's counsel before filing either of his motions. As I reminded McGowan in a previous order, this court expects parties to try to work out discovery requests among themselves before seeking court assistance. McGowan has not contacted McArdle's counsel before filing any of his three motions to compel, even though McArdle's counsel has stated in numerous filings that he is open to conferring with McGowan to reach an agreement about discovery.

Second, McArdle's supplementary responses to interrogatories 1 and 6 are adequate. McArdle explains that medication is prescribed with the intention to treat patients effectively, that the medication prescribed for pain caused by sickle cell varies greatly depending on the patient, and that NSAIDs, Tylenol, and other non-narcotic medications are typically

recommended. McGowan's objections to McArdle's responses are not persuasive, as his arguments are either argumentative or seek legal conclusions from McArdle.

Third, McArdle's objections to McGowan's remaining interrogatories and document requests are reasonable. In responding to interrogatories 2, 7, and 9, McArdle responded that the information was likely contained in McGowan's medical records, which McArdle does not have in her custody or control, but which McGowan can access at the prison. McArdle made the same objection to most of McGowan's document requests, stating that she has not obtained McGowan's medical records for a few reasons.

McArdle has not obtained McGowan's medical records because the medical release form that McGowan sent to McArdle is inadequate. The release limits McArdle to obtaining medical records relating to his sickle cell condition. As McArdle points out, McGowan's limitation would require a third party to sift through McGowan's medical records and pull out the portions that that third party thinks are related to plaintiff's sickle cell treatment. Even assuming such a person is available to sift through DOC records, McArdle's counsel says that he should have access to all of McGowan's medical records from the relevant time period considering the claims that McGowan is making in this case.

I agree with McArdle. McGowan alleges in this case that his sickle cell pain was not managed effectively. But if McGowan were receiving pain medication or other treatment for an ailment unrelated to his sick cell, that would be relevant to McArdle's defense. Such information potentially would not be included in the medical records that McGowan has authorized to be released.

In addition, because McArdle is not a state employee, she must pay for any copies of McGowan's medical record that she requests. McArdle has submitted evidence showing that

3

McGowan's medical record is extensive, and that it would cost at least $240 to obtain copies of McGowan's electronic records. His paper records would cost an additional amount. McArdle argues that it would be unfair to require her to pay for portions of McGowan's records that may exclude important information, particularly because McGowan can access his own medical records at no cost. McArdle's argument is persuasive. McGowan may review any and every part of his own medical file and he may make photocopies at his own expense. McGowan's filings show that he is capable of reviewing his own medical records and finding the documents that he wants.

McArdle's counsel has stated that the parties might be able to work out their discovery disputes on their own, and that McArdle would consider paying for some or all of the costs of McGowan's medical records, if McGowan agrees to sign a broader medical release. In the alternative, McArdle asks the court to dismiss McGowan's case for his refusal to sign an appropriate medical release. I agree with McArdle that, due to the nature of McGowan's claims, McGowan must sign a medical release that grants McArdle access to all of McGowan's medical records dated from 10 years before McGowan filed this lawsuit to the present. If McGowan refuses to sign an appropriate medical release by the deadline below, I will dismiss this lawsuit for his failure to prosecute it. In addition, I will not consider any additional discovery motions filed by either side unless the moving party swears to the court that he or she has conferred with the other side before filing the motion.

ORDER

IT IS ORDERED that:

1. Plaintiff LeeQuane McGowan's motions to compel, Dkt. 34 and 35, are DENIED.

2. By November 24, 2020, plaintiff must sign a medical release authorizing defendant Sandra McArdle's counsel to obtain all of plaintiff's medical records dated from 10 years before he filed this lawsuit to the present. If plaintiff does not sign a medical release by November 24, this case will be dismissed with prejudice for plaintiff's failure to prosecute it.

3. The court will not consider any additional discovery motions filed by either side unless the moving party swears to the court that he or she has conferred with the other side before filing the motion.

Entered November 10, 2020.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge